UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**ROBERT BAKER** and **PENNY BAKER**,<br><br>Debtors. | Case No. **10-61317-13** |

MEMORANDUM OF DECISION

At Butte in said District this 9th day of February, 2011.

In this Chapter 13 bankruptcy, after due notice, a hearing was held August 10, 2010, in Butte on confirmation of Debtors' Chapter 13 Plan filed May 31, 2010. Edward A. Murphy of Missoula, Montana appeared at the hearing on behalf of Debtors and in support of confirmation. The Chapter 13 Trustee, Robert G. Drummond of Great Falls, Montana, appeared in opposition to confirmation of Debtors' Chapter 13 Plan.

The Trustee opposes confirmation of Debtors' Chapter 13 Plan arguing Debtors have overstated their vehicle operating costs based upon the Internal Revenue Services' allowance for vehicle operating costs for the west region. The west region entitles the Debtors to deduct $472.00 for two cars. The Debtors' Form 22C deducts $836.00 on Line 27(a). Thus, according to the Trustee, Debtors are failing to commit 100% of their disposable income to fund their Plan as required for confirmation by 11 U.S.C. § 1325(b). Debtors counter that they have actually understated their allowable deduction by $36.00 and that they are committing all their disposable income to their Plan. In support of their position, Debtors state:

> Schedule B lists two vehicles, a 2001 Dodge 1500 pickup truck and a 2005

1

Dodge Durango. The allowable operating cost per vehicle in the western region is $236.00 and therefore for these two vehicles the allowable cost, before adjustments, is $472.00. The local standards contemplate, however, that a taxpayer, and therefore a debtor in a bankruptcy case, will experience higher repair and maintenance expenses for an older or higher mileage vehicle and therefore allow an additional $200.00 per vehicle if it is more than six years old or if it has been driven more than 75,000 miles. Internal Revenue Manual § 5.8.5.6.3(3). This portion of the manual was last revised on September 23, 2008.

The 2001 Dodge 1500 is obviously more than six years old and therefore an additional $200.00 is allowed for it. While the 2005 Dodge Durango is less than six years old, it has been driven over 114,000 miles and therefore it qualifies for the additional $200.00 expense as well. A copy of a recent repair bill is attached hereto as Exhibit "A" and it shows the mileage at 114,932. The IRS manual clearly uses the disjunctive: "Therefore in situations where the taxpayer owns a vehicle that is currently over six years old or has reported mileage of 75,000 or more, an additional monthly operating expense of $200 will be allowed per vehicle . . ." (emphasis supplied). Thus the debtors are allowed an additional $200.00 for the Durango. *See, In re Ransom*, 380 B.R. 799, (9th Cir. 2007); *In re Carlin*, 348 B.R. 795 (Bankr. Ore. 2006), *In re O'Conner*, Case No. 08-60641, Memorandum of Decision dated September 30, 2008 (Bankr. Mont. 2008). The actual operating cost allowance according to the local standards is $472.00 plus $400.00 for age and mileage for a total of $872.00. The Debtors took only $836.00 and thus have not overstated their allowable deduction. They are paying their entire disposable income as determined by Form 22C to the plan.

The Trustee and Debtors' counsel agreed at the hearing that confirmation of Debtors' Chapter 13 Plan does not involve any disputed facts. The issue surrounding confirmation is purely legal. The Court thus entered an Order on August 11, 2010, granting the parties a specified period of time within which to file briefs in support of their respective positions.

The Trustee filed a brief in support of his position on August 20, 2010; Debtors and the Office of the United States Trustee filed briefs in opposition to the Trustee's position on August 30, 2010. The matter was deemed submitted and ready for decision on August 30, 2010. While the Court strives to issue decisions within 60 days after matters are submitted, the Court held confirmation of Debtors' Chapter 13 Plan in abeyance because the Supreme Court of the United

2

States was deciding a case that might affect the Court's decision in this case.  The Supreme Court of the United States has indeed issued a decision that touches upon the issue now before the Court.  *See Ransom v. FIA Card Services*, N.A., ___ U.S. ___, 131 S.Ct.716 (2011).

FACTS

The facts are straightforward.  Debtors filed a voluntary Chapter 13 bankruptcy petition on May 31, 2010.  Debtors filed their Schedules and Chapter 13 Plan on that same date.  Debtors list three vehicles in their schedules; a 2005 Dodge Durango, a 2006 Dodge Ram 3500 and a 2001 Dodge 1500.  Debtors represent that the value of the Dodge Ram is zero, but also represent that they owe Wells Fargo Auto Finance $18,850 on the Dodge Ram.  Debtors propose to surrender the 2006 Dodge Ram to Wells Fargo Auto Finance.  Debtors owe nothing on the 2001 Dodge or the 2005 Dodge.

In their Chapter 13 Plan, Debtors propose to pay $670.00 per month for a term of sixty months.  Under the Plan, Debtors propose to first pay administrative expenses, with the remainder of their Plan payments going to the general unsecured creditors.

Debtors also filed a Form 22C on May 31, 2010, wherein Debtors calculate their current monthly income as $4,526.25.  The Debtors checked the box on Line 17 stating that their applicable commitment period is five years.  The Debtors calculate their disposable income on Line 59 of Form 22C as $607.02.  Debtors calculated their monthly disposable income by deducting $836.00 on Line 27(a) of Form 22C.

The Chapter 13 Trustee objects to Debtors' $836.00 deduction on Line 27(a) of Form 22C.  Debtors respond that the $836.00 figure was calculated by using the Internal Revenue Service vehicle operating expense deduction for two vehicles, in addition to the Internal Revenue

3

Service ownership expense deduction. The Debtors argue they are entitled to vehicle operation/transportation expenses in the amount of $476.00. Debtors also argue that they are entitled to deduct an additional $200.00 for each of the two vehicles as ownership expenses as allowed by the Internal Revenue Manual - Part 5, Chapter 8, Sec. 5. The Debtors' Schedule J lists transportation expenditures on Line 8 in the amount of $550.00.

In his brief, the Trustee frames the issue in this case as: "Whether the Debtors are barred from using the Internal Revenue Standards as a starting point when computing projected disposable income based upon the IRS's failure to publish the Internal Revenue Manual as required by the Administrative Procedures Act." The Supreme Court's decision in *Ransom* resolves the pending matter, without requiring this Court under the stated facts to consider whether the Standards or Manual require application of the Administrative Procedures Act.[1]

## APPLICABLE LAW and DISCUSSION

The Trustee does not dispute that Debtors are entitled to an operating cost deduction for their two vehicles. The operating cost deduction allowed under the IRS Local transportation expense standards for the West Region as of May 31, 2010, was $472. Rather, the Trustee takes issue with Debtors' attempt to claim an additional $200 "old car" deduction for each of their vehicles. The Trustee argues that this Court should not consider the internal revenue manual because it is not subject to the publication and notice standards required under the Administrative Procedures Act.

---

[1] For additional discussion on whether the Administrative Procedures Act is applicable, *see* Matthew Stephenson & Kristin Hickman, *The Administrative Law of Borrowed Regulations: Legal Questions Regarding the Bankruptcy Law's Incorporation of IRS Standards*, 2008 No. 1 Norton Bankr. L. Adviser 1, and Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 476.1, at ¶ 12, Sec. Rev. Mar. 19, 2009, www.Ch13online.com.

On January 11, 2011, the United States Supreme Court in *Ransom v. FIA Card Services*, N.A., ___ U.S. ___, 131 S.Ct. 716 (2011), decided the issue of whether debtors may claim an allowance for car-ownership costs when they own their vehicles outright. In concluding that debtors who do not make loan or lease payments could not take the car-ownership deduction, the Supreme Court specifically determined that it was appropriate to look at the Internal Revenue Manual for guidance:

> Although the statute does not incorporate the IRS's guidelines, courts may consult this material in interpreting the National and Local Standards; after all, the IRS uses those tables for a similar purpose-to determine how much money a delinquent taxpayer can afford to pay the Government. The guidelines of course cannot control if they are at odds with the statutory language. But here, the Collection Financial Standards' treatment of the car-ownership deduction reinforces our conclusion that, under the statute, a debtor seeking to claim this deduction must make some loan or lease payments.[2]

131 S.Ct. at 726.

This Court previously held in *In re Byrn*, 410 B.R. 642 (Bankr. D. Mont. 2008)[3], that debtors were allowed a $200 additional operating expense for vehicles that met certain age and

---

[2] Because the dissent appears to misunderstand our use of the Collection Financial Standards, and because it may be important for future cases to be clear on this point, we emphasize again that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidance. Post, at 730, 732 (opinion of SCALIA, J.). The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, post, at 732, n., but we think that basis obvious: The IRS creates the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something insightful and persuasive (albeit not controlling) to say about them.

[3] The following courts have also approvingly discussed this additional operating expense based on special circumstances: *In re Ransom,* 577 F.3d 1026, 1031 (9th Cir. 2009), *In re Ransom*, 380 B.R. 799, 808 (9th Cir. BAP 2007), *In re Slusher*, 359 B.R. 290, 310 (Bankr. D. Nev. 2007), *In re O'Conner*, No. 08-60641-13, 2008 WL 4516374, at *13 (Bankr. D. Mont. September 30, 2008), *In re Carlin*, 348 B.R. 795, 798 (Bankr. D. Or. 2006), *In re Wilson*, 383 B.R. 729, 734 (8th Cir. BAP 2008),

mileage criteria. In this case, Debtors' 2001 Dodge meets the age requirement in that it is more than six years old. Additionally, Debtors' 2005 Dodge Durango had 114,932 miles as of July 8, 2010, and thus arguably met the mileage criteria on May 31, 2010.

Given the instructive guidance of the Supreme Court in *Ransom*, given this Court's prior ruling in *Byrn* and because the old car allowance permitted by the Internal Revenue Manual, Part 5, Chapter 8, Section 5 (5.8.20.3.5 (10-22-2010)) is not at odds with any statutory language, this Court once again overrules the Trustee's objection to the extra $400 in vehicle operating expenses claimed by Debtors on Form B22C for the Debtors' two vehicles which are either more than 6 years old or have over 75,000 miles.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Confirmation of Debtors' Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

3. Debtors are allowed a $200 operating expense for old vehicles. *In re Byrn*, 410 B.R. 642 (Bankr. D. Mont. 2008); Internal Revenue Manual, Financial Analysis Handbook, Part 5, Chapter 8. Accordingly,

IT IS ORDERED that the Trustee's Objection to confirmation of Debtors' Chapter 13 Plan filed May 31, 2010, is overruled; and the Court will issue a separate order confirming Debtors' Chapter 13 Plan filed May 31, 2010.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana